No. 20-80151

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

EVERGREEN CAPITAL MANAGEMENT, LLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Respondent*,

v.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR PACIFIC COAST OIL TRUST, AND PACIFIC COAST ENERGY COMPANY, LP,

*Defendant-Petitioner*.

On Petition for Permission to Appeal from The United States District Court for the Central District of California, No. 2:20-CV-07561-MWF-AGR
The Honorable Michael W. Fitzgerald

**PLAINTIFF-RESPONDENT'S ANSWER IN OPPOSITION TO PACIFIC COAST ENERGY COMPANY LP'S PETITION FOR PERMISSION TO APPEAL FROM ORDER GRANTING MOTION TO REMAND PURSUANT TO 28 U.S.C. §1453(c)(1)**

John T. Jasnoch
Scott+Scott Attorneys at Law LLP
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

Thomas L. Laughlin, IV
Rhiana L. Swartz
Jing-Li Yu
Scott+Scott Attorneys at Law LLP
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334

*Attorneys for Plaintiff-Respondent Evergreen Capital Management LLC*

# CORPORATE DISCLOSURE STATEMENT

Plaintiff-Respondent Evergreen Capital Management LLC is not a corporate party within the meaning of Federal Rule of Appellate Procedure 26.1 and is not controlled by a publicly traded corporation.

Dated: November 12, 2020

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch
JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

– and –

Thomas L. Laughlin, IV
Rhiana L. Swartz
Jing-Li Yu
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334

*Attorneys for Plaintiff-Respondent Evergreen Capital Management LLC*

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................... 1

II. STANDARD FOR ACCEPTING APPEAL ....................................... 4

III. ARGUMENT ................................................................................ 5

- A. The District Court Followed Existing Precedent, so There Is No Unsettled *CAFA*-Related Question .......................................... 5
  - 1. The District Court Correctly Ruled that the Removing Party Bears the Burden of Proof Based on Well-Settled Ninth Circuit Precedents .............................................. 5
  - 2. The District Court Correctly Ruled that This Action Falls Under the Securities Provision Based on Well-Settled Ninth Circuit Precedents .............................................. 9
  - 3. The Covered Security and Internal Affairs Provisions Also Apply, so Resolution of the Appeal Is Not Dispositive of CAFA Jurisdiction ............................................ 16
- B. The Other *Coleman* Factors Also Weigh Against Accepting the Appeal ........................................................................ 18

IV. CONCLUSION ........................................................................... 20

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Adams v. West Marine Prods., Inc.*,
958 F.3d 1216 (9th Cir. 2020) ....................................................................6, 8

*Becher v. Nw. Mut. Life Ins. Co.*,
CV 10-6264, 2010 WL 5138910 (C.D. Cal. Dec. 9, 2010)........................*passim*

*Blackrock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*,
673 F.3d 169 (2d Cir. 2012) ..........................................................................15

*Coleman v. Estes Express Lines, Inc.*,
627 F.3d 1096 (9th Cir. 2011) ....................................................................4, 5

*Coleman v. Estes Express Lines, Inc.*,
631 F.3d 1010 (9th Cir. 2011) ................................................................4, 5, 18

*Eminence Inv'rs, L.L.L.P. v. Bank of N.Y. Mellon*,
782 F.3d 504 (9th Cir. 2015) ...................................................................*passim*

*Estate of Pew v. Cardarelli*,
527 F.3d 25 (2d Cir. 2008) ...................................................................13, 14, 15

*Genton v. Vestin Realty Mortg. II, Inc.*,
Case No. 06cv2517, 2007 WL 951838 (S.D. Cal. Mar. 9, 2007) ......................13

*Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*,
603 F.3d 23 (2d Cir. 2010) ...........................................................................15

*In re Textainer P'ship Secs. Litig.*,
C.A. No. 05-969, 2005 WL 1791559 (N.D. Cal. July 27, 2005) .......................18

*In re Toyota Motor Corp. Secs. Litig.*,
No. CV 10-922, 2011 WL 2675395 (C.D. Cal. July 7, 2011)...........................16

*Madden v. Cowen & Co.*,
576 F.3d 957 (9th Cir. 2009) ..........................................................................8

*Rainero v. Archon Corp.*,
844 F.3d 832 (9th Cir. 2016) ..........................................................................7

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) ........................................................... *passim*

*United Bhd. of Carpenters Pension Plan v. Fellner*,
C.A. No. 9475, 2015 WL 894810 (Del. Ch. Feb. 26, 2015) .............................. 17

**STATUTES, RULES & REGULATIONS**

28 U.S.C.
§1332(d) ........................................................................................ *passim*
§1453 ............................................................................................. *passim*

12 DEL. C.
§3801(e) .......................................................................................... 17

## I. INTRODUCTION

There is no reason for the Court to accept Petitioner's appeal. This is a class action that seeks remedies for a class of holders of securities, which, at the time the action was filed, traded on a national stock exchange. The claims alleged violations of duties owed to unitholders by the Trustee and Petitioner, as per the implied and express terms of the Trust Agreement, which govern the relations among the Trustee, the Trust Unitholders, and the Petitioner. This action was filed originally in the California Superior Court of Los Angeles County, and concerned only state law issues. On August 20, 2020, Petitioner removed the case to the United States District Court of the Central District of California, citing the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§1332(d) and 1453, as its only grounds. On September 8, 2020, Respondent moved to remand the action to the Superior Court based on the following three grounds, because the claims concerned: (1) a "covered security" because the Trust Units were traded on a national stock exchange (the "covered security provision"); (2) the internal affairs of the Trust, because the claims concerned the relationships and duties between the Trustee, the Trustor (the Petitioner), and Trust Unitholders (Respondent and the putative class), pursuant to the Trust Agreement, which is the governing instrument of the Trust (the "internal affairs provision"); and (3) the rights, obligations, or duties relating to a security, the

Trust Units, as implied or expressed by the Trust Agreement (the "securities provision").

On October 18, 2020, the District Court heard the motion to remand. It then entered an order to remand this case on October 21, 2020 (the "Remand Order," Pet. Ex. A), by correctly determining that: (1) Petitioner had the burden on remand; and (2) the burden of proof was not dispositive, because the securities provision clearly applied. The District Court determined that it did not need to reach the other two grounds for remand.

As the District Court recognized, the Ninth Circuit has already addressed the specific questions of law at issue in this appeal and found in Respondent's favor. Remand Order at 5-9. According to the District Court's well-reasoned opinion, pursuant to *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007) and *Becher v. Nw. Mut. Life Ins. Co.*, CV 10-6264, 2010 WL 5138910 (C.D. Cal. Dec. 9, 2010), the removing party bears the burden to establish that the three grounds Respondent asserted do not apply, because those grounds remove the federal court's jurisdiction under CAFA. Remand Order at 5-6. Moreover, regardless of who bears the burden, the District Court had no jurisdiction because *Eminence Inv'rs, L.L.L.P. v. Bank of N.Y. Mellon*, 782 F.3d 504 (9th Cir. 2015) "dictates that this action be remanded" under the securities provision. Remand Order at 7. Because there is no unsettled issue of law, there is no reason for this Court to take an appeal.

Moreover, even if this Court were to take this appeal, it would not resolve this matter. Rather, if this Court holds that the securities provision does not apply, the District Court would need to consider the covered security and internal affairs provisions, either of which provides independent grounds for remanding this case to the Superior Court.

However, the additional procedural wrangling would be extremely harmful to the Respondent and the putative class. As alleged in Respondent's Complaint, Petitioner is wrongfully depriving the Trust of revenue, which, in turn, harms Trust Unitholders by depriving them of the distributions they are entitled to. *See* Remand Order at 3. Furthermore, Petitioner's misconduct has impaired the value of the Trust Units to the degree that, since the Complaint was filed, the Trust Units have been delisted from the New York Stock Exchange and trade at a drastically impaired value on an over-the-counter exchange. *See id*. Finally, Petitioner's misconduct is placing the Trust on the path to dissolution in a little more than a year from now. *Id*. Respondent is ready to serve discovery and move the case forward in Superior Court, and has already been delayed by four months. Petitioner, however, continues to harm Respondent and the putative class by continuing to engage in procedural delays. It has sought to use this appeal process to further prevent Respondent from proceeding with this Action: Petitioner has moved to reopen the District Court case and stay the remand order pending this appeal (*see* Petitioner's Notice of Motion to

Reopen Case and Stay Remand Order Pending Appeal, attached hereto as Exhibit A), and it has sought to prevent the Superior Court from reopening the case by notifying it of its appeal and stay motion (*see* Petitioner's November 10, 2020 Superior Court Status Report, attached hereto as Exhibit B).

Because the District Court correctly decided to remand the action based on governing Ninth Circuit precedents, and because of the continuing and serious harm to Respondent and the putative class that will result from continued delay, the Court should deny the Petition.

## II. STANDARD FOR ACCEPTING APPEAL

"A party must seek permission from the court of appeals to bring an appeal from a district court's remand decision under CAFA, and such permission is granted sparingly." *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).[1] A key factor in determining whether an appeal will be accepted under §1453(c) is "'the presence of an important CAFA-related question'" in the case, which is more likely if the question is unsettled and appears to be "incorrectly decided [by the court below] or at least fairly debatable." *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2011). The Court also considers: (1) the importance of the CAFA-related question to the case at hand; (2) the likelihood that

[1] Unless otherwise noted, all citations are omitted and emphasis is added.

the question will evade effective review if left for consideration only after final judgment; (3) whether the record is sufficiently developed and the order sufficiently final to permit intelligent review; and (4) whether the balance of harms weighs in favor of granting review. *Coleman*, 627 F.3d at 1100.

The *Coleman* factors do not favor an appeal, and therefore, this Court should reject the Petition.

## III. ARGUMENT

### A. The District Court Followed Existing Precedent, so There Is No Unsettled *CAFA*-Related Question

The District Court correctly applied existing established precedent. Thus, there is no ***open*** CAFA-related question presented in this case. The most important factor in deciding whether to accept this appeal therefore weighs against doing so. Furthermore, because the covered security and internal affairs provision also apply, this case would not belong in federal court even if Petitioner prevailed in this appeal.

#### 1. The District Court Correctly Ruled that the Removing Party Bears the Burden of Proof Based on Well-Settled Ninth Circuit Precedents

The District Court ruled that the Respondent had the burden of proof to establish that the covered security, internal affairs, and securities provisions do not apply. Remand Order at 6. The District Court based its ruling on an analysis of *Serrano*, 478 F.3d 1018, by *Becher*, 2010 WL 5138910: "[i]f the provision affirmatively grants or denies jurisdiction, the removing party has the burden to

show that the provision does or does not apply." Remand Order at 5. Because the aforementioned provisions are preceded by the language that CAFA "shall not apply" to those claims, Petitioner "bears the burden to show that this action does not involve any of the claims described in" those provisions. *Id*. at 6. Moreover, "the Court's ruling would be the same regardless of which party had the burden. The dispute here, essentially, is one of statutory construction, not facts; it is odd to debate which party has the 'burden' of correctly construing a statute." *Id*.

Arguing to the contrary, Petitioner incorrectly contends that *Serrano* and *Adams v. West Marine Prods., Inc.*, 958 F.3d 1216 (9th Cir. 2020) established that CAFA includes only three *prima facie* elements, and that all other provisions in the statute, which call for the District Court to remand the case to state court, are "exceptions" where the remanding party bears the burden of proving that remand is proper. Pet. at 7-8.

But Petitioners' reading of *Serrano* is not persuasive. In that decision, the Court addressed the burden of proof for the "local controversy" and "home-state" exceptions to CAFA jurisdiction. *Serrano*, 478 F.3d at 1024. But it also held that another provision, 28 U.S.C. §1332(d)(5), was actually a "prerequisite" to establishing jurisdiction under CAFA because "it plainly provides that [CAFA and its exceptions] *shall not apply to any class action*" that fulfills the provision." *Id*. at 1020 n.3 (emphasis in original). *Becher* and the District Court correctly applied

*Serrano*'s holding to determine that the securities provision and its sister provisions of 28 U.S.C. §1332(d)(9) and 28 U.S.C. §1453(d), are also prerequisites to establishing jurisdiction because they are preceded by the provision that CAFA "shall not apply" to the cases that fit the criteria of these provisions. *Becher*, 2010 WL 5138910, at *3; Remand Order at 5-6.

This is not a merely semantic point about whether to label a provision a "prerequisite" or an "exception." Rather, the key point in *Serrano*, *Becher*, and the Remand Order is whether a given provision was jurisdictional: if a provision states that CAFA or its exceptions "shall not apply," then that provision means that the court does not have subject matter jurisdiction over claims that satisfied those provisions. *Becher*, 2010 WL 5138910, at *3; Remand Order at 5-6. Just as it is the removing party's burden to establish that CAFA applies, and thus confers subject matter jurisdiction on the court, it is also the removing party's burden to establish that claims were ***not*** subject to the provisions stating that CAFA "shall not apply," because those provisions' applicability meant that the court would not have subject matter jurisdiction. *Id*.

The Ninth Circuit, on several occasions, affirmed that the securities provision is jurisdictional. *Rainero* held that the securities provision in CAFA, at 28 U.S.C. §1332(d)(9)(C), "bars the district court from exercising diversity jurisdiction" under CAFA. *Rainero v. Archon Corp.*, 844 F.3d 832, 839 (9th Cir. 2016). The *Eminence*

court similarly held, "[b]ecause we conclude that the CAFA securities exception, 28 U.S.C. §1453(d)(3), applies to this case, we dismiss the appeal for lack of jurisdiction." *Eminence*, 782 F.3d at 505.

The Ninth Circuit reached a similar conclusion in a case dealing with a similar provision under the Securities Litigation Uniform Standards Act ("SLUSA"). In *Madden v. Cowen & Co.*, 576 F.3d 957, 975 (9th Cir. 2009), this Court held that "the non-applicability of the Delaware carve-out is a prerequisite to the district court's removal jurisdiction" and cited *Serrano*.

*Adams* is not to the contrary, because *Adams* addressed the so-called "home state exceptions." Indeed, *Adams* specifically holds, "[t]he . . . home state exceptions are not jurisdictional." 958 F.3d at 1223. It does not address the securities provision, which the Ninth Circuit has held ***is*** jurisdictional. Moreover, despite holding that the remanding party had the burden of proof to establish the home state exceptions, *Adams* affirmed the district court's order to remand the action to state court, thus illustrating that the burden of proof is often not a dispositive issue in the context of CAFA. *Id*. at 1224.

Thus, *Becher* and the District Court, far from interpreting *Serrano* in a novel way, were merely applying well-established Ninth Circuit precedent to logically conclude that *Serrano's* reasoning that the removing party bore the burden to establish the court's subject matter jurisdiction over claims meant that they bore the

burden to establish that the claims were not covered by the securities provision (or, in *Becher*, its sister internal affairs provision). Because *Becher* and the District Court correctly applied well-established Ninth Circuit precedent, the burden of proof is not an unsettled question, and therefore, this Court should deny the Petition.

#### 2. The District Court Correctly Ruled that This Action Falls Under the Securities Provision Based on Well-Settled Ninth Circuit Precedents

The District Court ruled that, under the securities provision, "*Eminence Investors* dictates that this action be remanded." Remand Order at 7. Moreover, citing *Rainero*, 844 F.3d at 839, the District Court found: "[b]ecause Plaintiff seeks to enforce the Trust Agreement and Conveyance, 'which set forth the rights, duties, and obligations relating to the [Trust], [the securities provision] divests the federal courts of jurisdiction under [CAFA].'" Remand Order at 8 (brackets in original).

The District Court rejected Petitioner's argument that the securities provision does not apply because Respondent's claims are not based on the express terms of the Trust Agreement by noting, "[t]he *Eminence Investors* court rejected a similar argument." *Id*. The District Court noted that the *Eminence* court analyzed the defendant's argument that an agreement by its terms foreclosed plaintiff's claim, but that very assumption relates to rights, duties, and obligations related to or created by or pursuant to a security, and the District Court concluded, "[s]o too here. PCEC may not ultimately be liable to the Trust Unitholders under the Conveyance and

Trust Agreement, but the fact that PCEC raises these agreements in its defense necessarily means that Plaintiff's claims relate to PCEC's obligations related to the Trust." *Id*. at 8-9.

The District Court also rejected Petitioner's argument that "Plaintiff's claim is not solely related to the terms of the Trust Agreement" because it relies on Delaware law to impose an implied covenant claim, finding that "*Eminence Investors* – which was not cited in PCEC's brief – forecloses this argument." *Id*. at 9. The District Court found that "'duties superimposed by state law as a result of the relationship created by or underlying the security fall within the plain meaning of the statute, which expressly references "duties (including fiduciary duties)."'" *Id*. (citing *Eminence*, 782 F.3d at 510). The District Court ruled, "Plaintiff's allegation that PCEC had a duty imposed by Delaware law to act in good faith when funding (or not funding) the Trust thus falls within the plain meaning of the securities provision." *Id*. The District Court concluded, "[i]n sum, the thrust of Plaintiff's claims is that Defendants' alleged duties 'stem from' their positions with respect to the Trust. That assertion may or may not be meritorious, but nonetheless, the securities provision applies." *Id.*

Respondent agrees with the District Court. Petitioner is incorrect that *Eminence* is distinguishable from this case, and the pages it devotes to whether Respondent has an implied covenant claim are irrelevant to CAFA issues.

There is no dispute that the Trust Units are "securities." Nor can there be any dispute that Respondent and the putative class, as the Trust Unit***holders***, are bringing these claims as ***holders*** of the security. The damages that Respondent claims include the loss in value to its holdings of the Trust Units: it is not alleging that it was defrauded into ***purchasing*** the securities. Nor is there any dispute that the Trust Units were created by the Trust Agreement, and that the Trust Agreement confers rights, obligations, and duties concerning the Trust Units. There is also no dispute that Petitioner is a party to the Trust Agreement.

Petitioner attempts to argue that the implied covenant claim cannot be based on the Trust Agreement because: (1) the Trust Agreement states that Petitioner owes no duties under the Trust Agreement; and (2) the implied covenant claim that Respondent asserts is not related to the Trust Agreement.

But, as the District Court articulated in its well-reasoned and thorough Remand Order, *Eminence* directly refutes Petitioner's first argument. Remand Order at 8. Contrary to Petitioner's representation, *Eminence* did not turn on the undisputed duties that were owed to bondholders. Pet. at 14. Rather, in *Eminence*, the removing party disputed whether it owed those duties, arguing that the securities provision cannot apply "because several specific allegations in the complaint against the [b]ank are expressly foreclosed by the terms of the [agreement]." 782 F.3d at 508. Similarly, here, Petitioner argues that the Trust Agreement, by its terms,

forecloses any duties by Petitioner. *Eminence*, however, rejected this argument, because "the [b]ank's ability to invoke the terms of the [agreement] as a defense is logically dependent upon the degree to which those causes of action are based on the relationship created by the issuance of the [securities]. . . . [T]he assumptions underlying that argument lead inexorably to the conclusion that the causes of action at least 'relate[] to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to' the [securities]." *Id*. Similarly, here, Petitioner can invoke the provisions of the Trust Agreement as a defense, but the very fact that it is doing so shows that Respondent's claims relate to the rights, duties, or obligations by relating to the Trust Units.

Petitioner also attempts to argue that Respondent's claims do not relate to the terms of the Trust Agreement by contesting the merits of Respondent's implied covenant claim. But, as the District Court correctly ruled, the merits of the claim are irrelevant to establishing whether the court has jurisdiction under CAFA. Remand Order at 8-9. Rather, the issue is whether an implied covenant claim relates to the rights, duties, and obligations relating to the Trust Units (through the terms of the Trust Agreement). And it does. Petitioner acknowledges that the implied covenant of good faith and fair dealing inheres to the Trust Agreement under the Delaware Statutory Trust Act. Pet. at 15.

*Genton*, which Petitioner relies on for its burden of proof argument, directly supports Respondent's point that the implied covenant claim is covered by the securities provision. In *Genton*, plaintiff brought claims concerning the payment obligations defendant had under a membership interest in a limited liability company. The *Genton* court ruled, "[p]laintiffs' breach of contract and breach of implied covenant of good faith and fair dealing claims arise directly from [defendant's] alleged failure to pay [p]laintiffs their pro rata share as security owners in [the company] as required by the [o]perating [a]greement. . . . Plaintiffs have met their burden of showing the §1332(d)(9)(C) exception applies." *Genton v. Vestin Realty Mortg. II, Inc.*, Case No. 06cv2517, 2007 WL 951838, at *3 (S.D. Cal. Mar. 9, 2007).[2] Similarly, here, Respondent's implied covenant claim arises directly from Petitioner's misconduct, which caused it to prevent the Trust from paying distributions, and impaired the Trust Units' value.

*Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008), is not to the contrary. As Petitioner acknowledges, "the 'key distinction' in *Cardarelli* 'was whether the plaintiffs were seeking to enforce their rights as *holders* of the certificates or

---

[2] Petitioner attempts to argue that *Genton* creates an intra-circuit split on the burden of proof issue. But *Genton* merely presumed without analysis that the securities provision is an "exception" to CAFA. It acknowledges that the application of the securities provision would mean that "[t]he district court lacks original jurisdiction over [the] action." *Genton*, 2007 WL 951838, at *2.

*purchasers* of the certificates." Pet. at 14 (quoting *Eminence*, 782 F.3d at 508) (emphasis in original). But here, there is no dispute that Respondent is bringing this action as a claim on behalf of the Trust Unit***holders***, rather than as purchasers. The District Court also concluded that "*Eminence Investors* expressly rejected Defendant's reading of *Cardarelli*. . . . Plaintiff sues PCEC as a Trust Unitholder, not a purchaser, and thus *Cardarelli* is inapposite here." Remand Order at 9.

Moreover, Respondent, as a holder of the Trust Units, can bring a claim that is covered by the securities provision even if the claim is not tied to an express term of the Trust Agreement. *Cardarelli* held that "certain duties and obligations of course 'relate to' securities even though they are not rooted in a corporate document but are instead superimposed by a state's corporation law or common law on the relationships underlying that document." 527 F.3d at 31. The District Court observed that the Ninth Circuit, in *Eminence*, also "reject[ed] defendant's citation to *Cardarelli* for the proposition that the security provision applies only if the cause is 'grounded in the terms of the security itself.'" Remand Order at 9. Similarly, here, Respondent's claim asserts that Petitioner violated its duties under the Trust Agreement, to Trust Unitholders, through breaching the implied covenant of good faith and fair dealing that inheres to the Trust Agreement: even if the implied covenant is "not rooted in a corporate document" as an express term of the Trust Agreement, it is still based on statutory and common law regarding the relationship

between Petitioner, on the one hand, and Respondent and the putative class, on the other hand. Thus, *Cardarelli* supports Respondent's position that its claim is exempt from CAFA jurisdiction through the securities provision.

Subsequent Second Circuit cases that build on *Cardarelli* provide further support for Respondent's position that its claim is covered by the security provision. In *Greenwich*, the Second Circuit held that plaintiffs' claims regarding an obligation by a mortgage servicer to repurchase loans were excepted from CAFA because they related to the obligations created by a security, as "[P]laintiffs here seek enforcement of their rights as *holders* rather than as purchasers of securities." *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 29 (2d Cir. 2010) (emphasis in original). Similarly, in *Blackrock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 179 (2d Cir. 2012), the court held that claims that relied on duties under state law, rather than the terms of the securities agreement itself, still were covered by the securities provision because "duties superimposed by state law as a result of the relationship created by or underlying the security fall within the plain meaning of" CAFA. As the District Court ruled, "Plaintiff's allegation that PCEC had a duty imposed by Delaware law to act in good faith when funding (or not funding) the Trust thus falls within the plain meaning of the securities provision." Remand Order at 9.

Because the District Court correctly applied governing Ninth Circuit precedents regarding the securities provision, and, therefore, this question is settled, the Court should deny the Petition.

**3. The Covered Security and Internal Affairs Provisions Also Apply, so Resolution of the Appeal Is Not Dispositive of CAFA Jurisdiction**

Even if this Court takes the appeal and resolves the issues in Petitioner's favor, CAFA would still not apply. Instead, the District Court would have to consider either, or both, of the other provisions that Respondent raised, which it did not have the need to do in its initial order. Respondent would prevail and the case would be remanded to the Superior Court on either the covered security or internal affairs provisions.

*First*, the covered security provision precludes CAFA jurisdiction when a claim "concern[s] a covered security as defined under [Securities Act and Exchange Act provisions]." 28 U.S.C. §1332(d)(9)(A); 28 U.S.C. §1453(d)(1). "'Covered securities' include securities 'listed, or authorized for listing, on the New York Stock Exchange.'" *In re Toyota Motor Corp. Secs. Litig.*, No. CV 10-922, 2011 WL 2675395, at *6 (C.D. Cal. July 7, 2011) (citing the Securities Act). At the time the Complaint was filed, the Trust Units were traded on the New York Stock Exchange ("NYSE") under the ticker symbol, ROYT. Remand Order at 3. Because this Action was brought on behalf of holders of those Trust Units, it "concern[s] a covered

security." 28 U.S.C. §1332(d)(9)(A). This reason alone suffices to deny CAFA jurisdiction to a federal court and, therefore, on this ground alone, the District Court should remand the action to Superior Court.

*Second*, the internal affairs provision precludes CAFA jurisdiction when a claim "relates to the internal affairs or governance of a corporation or other form of business enterprise and that arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized." 28 U.S.C. §1332(d)(9)(B); 28 U.S.C. §1453(d)(2). Claims relating to the parties of a Trust Agreement – here, the duties of the Trustee and the Trustor (Petitioner) "relate[] to the organization or internal affairs of a statutory trust." *United Bhd. of Carpenters Pension Plan v. Fellner*, C.A. No. 9475, 2015 WL 894810, at *2 n.13 (Del. Ch. Feb. 26, 2015) (citing 12 Del. C. §3804(e)). Here, Respondent's claims concern only the internal affairs of the Trust because they concern the performance of the Trustee and Trustor's duties to the Trust Unitholders under the Trust Agreement, which is the "governing instrument" of the Trust because it "creates a statutory trust or provides for the governance of the affairs of the statutory trust and the conduct of its business." 12 Del. C. §3801(e).

Courts in the Ninth Circuit have found that similar claims exclude CAFA jurisdiction because they satisfy the internal affairs provision. The *Becher* court found that "breach of contract and breach of fiduciary duty claims based on

[d]efendant's improper payment of dividends" through unilaterally changing the payment allocation methodology were "'related' to the 'internal affairs' of [the company]." 2010 WL 5138910, at *4. Here, too, Respondent alleges that Petitioner improperly and unilaterally changed the methodology for calculating asset retirement obligations, which have resulted in the improper withholding of distributions to Trust Unitholders. As Respondent's claims concern Petitioner and the Trustee's duties under the Trust Agreement, these claims concern the "internal affairs" of the Trust and therefore are not subject to federal jurisdiction under CAFA. *See also In re Textainer P'ship Secs. Litig.*, C.A. No. 05-969, 2005 WL 1791559, at *6 (N.D. Cal. July 27, 2005) (internal affairs provision applies to claims against general partner brought by limited partner and "consequently, the [c]ourt lacks jurisdiction over the instant action under CAFA").

Because the covered security and internal affairs provisions provide independent grounds for remanding this Action, they provide additional reasons for this Court to deny the Petition.

### B. The Other *Coleman* Factors Also Weigh Against Accepting the Appeal

Respondent acknowledges that, by ordering remand, the District Court's Order was sufficiently final to enable review. But the other *Coleman* factors weigh in favor of denying permission to appeal. Namely, removal is not critically

important to the case at hand, there is no risk that the question will evade review, and the balance of harms favors Respondent, rather than Petitioner.

*First*, the removal issue is not critically important to the case at hand, because the ultimate merits will still be decided by the Los Angeles Superior Court. The claims here involve issues of Delaware state law. There are ***no*** issues of Federal law. Other than casting aspersions on state courts in general, by citing to a legislative report concerning CAFA (Pet. at 6), Petitioner offers no reason for why a federal court would be a more competent forum to adjudge this case – involving only state law claims – than a sophisticated state court, such as the Complex Civil Litigation Division of the California Superior Court of Los Angeles County, where the case was originally filed and assigned.

*Second*, as explained above, the questions presented here have already been reviewed and decided by the Ninth Circuit, with well-reasoned applications by *Becher* and the District Court, so rather than "evade" review, these questions have already been reviewed and decided in Respondent's favor.

*Third*, the balance of harm compels rejecting an appeal so that Respondent and the putative class may move forward with seeking remedies for the harm Petitioner is continuing to cause them. Respondent filed this action in July 2020. Respondent alleges that Petitioner is harming Trust Unitholders by causing them to be wrongfully deprived of distributions and by impairing the Trust Units' value, as

well as starving the Trust of revenue so that it is in danger of dissolution in a little over a year. Thus, every day that passes, Respondent and the putative class suffer harm. Instead of being allowed to move forward with discovery and litigation of the merits of this case, Respondent has been subject to endless procedural delays by Petitioner. Petitioner has made its delay plans transparent: it has sought to reopen the case and stay the remand decision in the District Court, pending the outcome of this case (*see* Exhibit A); and it has notified the Superior Court of its appeal and stay motion in a further attempt to stall the Superior Court from reopening the case, thereby not allowing Respondent to proceed with litigation (*see* Exhibit B). Petitioner, on the other hand, suffers no harm from having its case heard in the state court where it is home. Thus, the balance of harm weighs in favor of the Court rejecting the Petition so that Respondent and the putative class may move forward with the litigation.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny the Petition for Permission to Appeal.

Dated: November 12, 2020

Respectfully submitted,

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch

JOHN T. JASNOCH
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile: 619-233-0508
jjasnoch@scott-scott.com

– and –

Thomas L. Laughlin, IV
Rhiana L. Swartz
Jing-Li Yu
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334

*Attorneys for Plaintiff-Respondent Evergreen Capital Management LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

1. This brief complies with the type-volume limitation of Ninth Circuit Rule 5-2 because it is 20 pages in length, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: November 12, 2020

SCOTT+SCOTT ATTORNEYS AT LAW LLP
s/ John T. Jasnoch
John T. Jasnoch

*Attorneys for Plaintiff-Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 12, 2020

SCOTT+SCOTT ATTORNEYS AT LAW LLP

s/ John T. Jasnoch
John T. Jasnoch

*Attorneys for Plaintiff-Respondent*

# EXHIBIT A

WILLIAM W. OXLEY, SBN 136793
ZOE M. STEINBERG, SBN 324324
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: *woxley@bakerlaw.com*
*zsteinberg@bakerlaw.com*

SASHE D. DIMITROFF, TX BN 00783970
*Admitted Pro Hac Vice*
ALEXANDRA TRUJILLO, TX BN 24110452
*Admitted Pro Hac Vice*
**BAKER & HOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone: 713.751.1600
Facsimile: 713.751.1717
Emails: *sdimitroff@bakerlaw.com*
*atrujillo@bakerlaw.com*

*Attorneys for Defendant*
PACIFIC COAST ENERGY COMPANY LP

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

EVERGREEN CAPITAL MANAGEMENT LLC, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR PACIFIC COAST OIL TRUST and PACIFIC COAST ENERGY COMPANY LP,

Defendants.

Case No.: 2:20-CV-07561-MWF-AGR

[Hon. Michael W. Fitzgerald, Crtm. 5A]

**DEFENDANT PACIFIC COAST ENERGY COMPANY LP'S NOTICE OF MOTION AND MOTION TO REOPEN CASE AND STAY REMAND ORDER PENDING APPEAL**

*[Filed concurrently with Memorandum of Points and Authorities; Declaration of Sashe D. Dimitroff; and (Proposed) Order]*

Date: November 30, 2020
Time: 10:00 a.m.
Crtm: 5A

Action Filed: July 8, 2020
Action Removed: August 20, 2020

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on Monday, November 30, 2020, at 10:00 a.m., or as soon thereafter as may be heard in Courtroom 5A of the above-entitled Court located at First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendant PACIFIC COAST ENERGY COMPANY LP ("Defendant") will, and hereby does, move for an order staying this Court's Remand Order entered on October 21, 2020. (ECF No. 44) (the "Remand Order").

Defendant moves for this stay pursuant to 28 U.S.C. § 1453(c) and Federal Rules of Appellate Procedure Rule 8 on the grounds that the balance of equities and the integrity of the appellate process require that this Court's Remand Order be stayed until the Ninth Circuit completes its review as requested in Defendant's November 2, 2020 Petition for Leave to Appeal.

This motion is made following the conference of counsel required by L.R. 7-3. (Declaration of Sashe D. Dimitroff, ¶ 2). Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, any documents Defendant may subsequently file, all other pleadings and papers on file in this action, and any oral argument or other matter that may be considered by the Court.

Dated: November 2, 2020

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: /s/ *William W. Oxley*
WILLIAM W. OXLEY
SASHE D. DIMITROFF
ZOE M. STEINBERG
ALEXANDRA TRUJILLO

*Attorneys for Defendant*
PACIFIC COAST ENERGY COMPANY LP

4810-8469-4480

# EXHIBIT B

WILLIAM W. OXLEY, SBN 136793
ZOE M. STEINBERG, SBN 324324
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
Emails: *woxley@bakerlaw.com*
*zsteinberg@bakerlaw.com*

*Attorneys for Defendant*
PACIFIC COAST ENERGY COMPANY LP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| EVERGREEN CAPITAL MANAGEMENT LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR PACIFIC COAST OIL TRUST and PACIFIC COAST ENERGY COMPANY LP,<br><br>Defendants. | Case No.: 20STCV26290<br><br>[Hon. Ann I. Jones]<br><br>**DEFENDANT PACIFIC COAST ENERGY COMPANY LP'S STATUS REPORT**<br><br>CLASS ACTION<br><br>Action Removed: August 20, 2020<br>Action Filed: July 8, 2020 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

TO THE COURT, TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

Pursuant to the Court's September 14, 2020 Court Order Re Notice of Removal to Federal Court, Defendant PACIFIC COAST ENERGY COMPANY LP ("Defendant") submits this Status Report.

The Central District of California entered a remand order on October 21, 2020. On November 2, 2020, Defendant filed a **Petition Pursuant to 28 U.S.C. § 1453(c) for Permission to Appeal an Order Remanding a Class Action** in the Ninth Circuit Court of Appeals. Plaintiff Evergreen Capital Management LLC ("Plaintiff") has until November 12, 2020 to respond.

On November 2, 2020, Defendant also filed a **Motion to Reopen Case and Stay Remand Order Pending Appeal** in the Central District of California. The motion is set for hearing on December 7, 2020.

Respectfully submitted,

Dated: November 10, 2020

**BAKER & HOSTETLER LLP**

By: */s/ William W. Oxley*____
WILLIAM W. OXLEY
ZOE M. STEINBERG

*Attorneys for Defendant*
PACIFIC COAST ENERGY COMPANY LP

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA 90025-0509. On **November 10, 2020**, I served a copy of the within document(s): **DEFENDANT PACIFIC COAST ENERGY COMPANY LP'S STATUS REPORT**

☑ **VIA U.S. MAIL:** by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑ **VIA EMAIL:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct

Executed on **November 10, 2020** at Los Angeles, California.

*/s/ Laura Hua*
Laura Hua

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**SERVICE LIST**

John T. Jasnoch, Esq.
**SCOTT + SCOTT**
**ATTORNEYS AT LAW**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel: (619) 233-4565
Fax: (619) 233-0508
*Email: jjasnoch@scott-scott.com*

*Attorney for Plaintiff*
EVERGREEN CAPITAL
MANAGEMENT LLC

Thomas L. Laughlin, IV, Esq.
Jing-Li Yu, Esq.
Rhiana L. Swartz
**SCOTT + SCOTT**
**ATTORNEYS AT LAW**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel: (212) 233-6444
Fax: (212) 233-6334
*Email: tlaughlin@scott-scott.com*
*jyu@scott-scott.com*
*rswartz@scott-scott.com*

*Attorneys for Plaintiff*
EVERGREEN CAPITAL MANAGEMENT LLC

Joseph d. Cohen, esq.
**GLANCY PRONGAY and MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
*Email: JCohen@glancylaw.com*

*Attorney for Plaintiff*
EVERGREEN CAPITAL
MANAGEMENT LLC

David B. Springer
W. Stephen Benesh
**BRACEWELL LLP**
111 Congress Ave., Suite 2300
Austin, TX 78701
Tel: 512-494-3617
Fax: 800-404-3970
*Email: David.springer@bracewell.com*
*steve.benesh@bracewell.com*

*Attorneys for Defendant*
THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.

Mathew M. Wrenshall
**REED SMITH LLP**
355 S. Grand Ave., Suite 2900
Los Angeles, Ca 90071
Tel: 213-457-8076
Fax: 213-457-8080
*Email: mwrenshall@reedsmith.com*

*Attorneys for Defendant*
THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES